IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

QUINCETTA Y. CARGILL,           )
Reg. No. 19088-001,             )
                                )
        Plaintiff,              )
                                )
v.                              )   CASE NO. 2:23-CV-495-ECM-KFP
                                )
UNITED STATES of AMERICA, et al., )
                                )
        Defendants.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.     INTRODUCTION

Plaintiff Quincetta Y. Cargill is a federal inmate at the Federal Detention Center SeaTac in Seattle, Washington. Proceeding pro se and in forma pauperis, Cargill filed a handwritten Complaint against the United States; Joseph R. Biden, Jr., President of the United States; Kamala Harris, Vice President of the United States; the Internal Revenue Service (IRS); Jason Ward, IRS Criminal Investigator; R. D. Proctor, U.S. District Court Judge; J. H. England, U.S. Magistrate Judge; John G. Camp, Assistant U.S. Attorney; M. Blake Milner, Assistant U.S. Attorney; Judge Coogler, U.S District Court Judge; and Brett M. Bloomston, CJA Appointed Counsel. Doc. 1. Although the Clerk has docketed the case under 42 U.S.C. § 1983, the Complaint states that it is brought pursuant to the Federal Tort Claims and RICO Acts and purports to assert claims of enticement into slavery, sale into involuntary servitude, trafficking, conspiracy to deprive constitutional rights, and using a

facility in interstate commerce in furtherance of unlawful activity.[1] *Id.* at 1–2. Cargill

primarily asserts violations of her rights caused by alleged unlawful conduct of individuals

associated with her federal criminal case in the Northern District of Alabama.[2] *Id.* at 2–33.

She declares that this suit is not about her "actual convictions per se"; however, she does

"present the criminal case and conviction falsified against her, as a test case by which the

facts asserted can be reviewed and substantiated." *Id.* at 4. Cargill seeks declaratory relief

and damages and requests trial by jury. *Id.* at 2, 32.

Upon review, the Magistrate Judge recommends that this case be transferred to the

United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391

and 28 U.S.C. § 1406.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial

district where any defendant resides if all defendants are residents of the state where the

district is located; (2) a judicial district where a substantial part of the events or omissions

giving rise to the claim occurred or a substantial part of property that is the subject of the

action is situated; or (3) if there is no district in which an action may otherwise be brought

as provided in this section, any judicial district in which any defendant is subject to the

court's personal jurisdiction with respect to such action. A district court may raise the issue

---

[1] Because the Court recommends transfer of this matter, no determination is made regarding the proper cause of action for this Complaint.

[2] Cargill is imprisoned on her convictions and sentence for witness tampering and conspiracy to commit mail and wire fraud. *See United States v. Cargill*, Case No. 2:17-CR-356-RDP-JHE, (N.D. Ala. 2020). *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (noting the court may take judicial notice of its own records and the records of other federal courts).

of improper venue sua sponte. *See Kapordelis v. Danzig,* 387 F. App'x 905, 906–907 (11th Cir. 2010) (affirming sua sponte transfer of pro se prisoner's *Bivens* action from New York to Georgia pursuant to 28 U .S.C. § 1406(a)), *cert. denied,* 562 U.S. 1250 (2011); 28 U.S.C. § 1406 (stating a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought").

The actions and events described in Cargill's Complaint primarily relate to her federal court criminal proceeding in the Northern District of Alabama. She identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), venue is proper in the Northern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1406(a).[3]

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[4]

Further, it is ORDERED that by **September 14, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The

---

[3] In transferring this case, the Court makes no determination on the merits of Cargill's claims.

[4] Cargill also filed a motion to proceed in forma pauperis. Doc. 2. Because the undersigned recommends transfer to the Northern District of Alabama, the assessment and collection of any filing fees should be undertaken by that court.

Court will not consider frivolous, conclusive, or general objections. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1.

Done this 31st day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE